IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANADARKO PETROLEUM CORP., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1949 |
| | § | |
| GREAT PLAINS GAS | § | |
| COMPRESSION INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment [Doc. # 30] filed by Plaintiff Anadarko Petroleum Corporation ("Anadarko"). Defendant Great Plains Gas Compression Inc. ("Great Plains") filed a Response [Doc. # 33], and Plaintiff filed a Reply [Doc. # 34]. Defendant filed a Motion for Leave to Respond to Anadarko's Reply [Doc. # 35], which the Court grants. The Court has carefully reviewed the full record and the applicable legal authorities. Based on this review, the Court denies Plaintiff's Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff entered into a contract to purchase from Defendant twelve (12) Liquid Ring Compressors. *See* Purchase Order ("Contract"), Exh. A to Plaintiff's Motion. The Compressors were to conform to certain requirements and specifications included

in Plaintiff's Request for a Quote and Defendant's Quotation.  The Contract provided that Defendant guaranteed "satisfactory operation" of the Compressors.  *See* Contract, ¶ 4.  The Contract also provided that if, "in Anadarko's sole opinion" Great Plains failed to repair or replace the Compressors in a satisfactory manner, Anadarko had the right to reject and return the Compressors for a refund.  *See id.*

Defendant delivered the first five Compressors.  There exists a fact dispute regarding whether these five Compressors satisfied the requirements and specifications required by the Contract.  It is undisputed that Anadarko expressed dissatisfaction with the Compressors and with Great Plains efforts to address Anadarko's concerns.  It is also undisputed that Anadarko refused to accept delivery of the remaining Compressors.

Anadarko filed this lawsuit against Great Plains asserting claims for breach of contract, breach of warranty, negligent misrepresentation, and seeking a declaratory judgment.  Great Plains filed a counterclaim against Anadarko to recover the amount that Great Plains alleges Anadarko owes for the Compressors.[1]

After a full opportunity to conduct discovery, Anadarko filed a Motion for Partial Summary Judgment.  Anadarko seeks summary judgment on its breach of contract

---

[1]    Great Plains also filed a Third Party Complaint against Dekker Vacuum Technologies, Inc., from whom Great Plains purchased the liquid ring pumps for the Compressors.

claim and on Defendant's counterclaim.  Anadarko relies on satisfaction clauses in the

Contract and maintains that is was not satisfied with the Compressors.  The motion has

been fully briefed and is ripe for decision.

## II.   ANALYSIS

### A.   Standard for Summary Judgment

Summary judgment is proper only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits filed in support of

the motion, show that there is no genuine issue as to any material fact, and that the

moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The

moving party bears the burden of showing that there is an absence of evidence to

support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986).  The court considers the evidence in the light most favorable to the nonmoving

party.  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.

1990).

### B.   Satisfaction Clauses

Anadarko relies on the provisions in paragraph 4 of the Contract in which Great

Plains guarantees the "satisfactory operation" of the Compressors and which give

Anadarko the right to reject and return the Compressors if Great Plains fails to

"satisfactorily repair or replace" the Compressors.  Anadarko argues that these

"satisfaction clauses" are enforceable and, because Anadarko was not satisfied with the Compressors, it is entitled to summary judgment on the breach of contract issues.

Where, as here, the party to the contract has the sole discretion to determine whether the goods are satisfactory, Texas law implies a "reasonableness" standard. *See Texas Dept. of Transportation v. Jones Bros. Dirt & Paving Contractors, Inc.*, 92 S.W.3d 477, 481 (Tex. 2002) (citing *Cranetex, Inc. v. Precision Crane & Rigging of Houston, Inc.*, 760 S.W.2d 298, 302 (Tex. App. – Texarkana 1988, writ denied)); *see also General Investment & Development Co. v. Guardian Savings and Loan Assoc.*, 862 F. Supp. 153, 157 (S.D. Tex. 1994) (holding that the satisfaction provision at issue in the case had an "implicit reasonableness standard"). The reasonableness standard "does not seek to find the mental state of satisfaction of [the dissatisfied] party, but rather whether the performance would satisfy a reasonable person." *Cranetex*, 760 S.W.2d at 302. Imposing a reasonableness standard "allays concerns that agreements conditioned upon one party's satisfaction might be illusory because they could be vulnerable to that party's whim or bad-faith withholding of approval." *Jones Bros.*, 92 S.W.3d at 481-82.

In the case at bar, Great Plains has presented evidence that the five Compressors delivered to Anadarko created the specified suction vacuums at the inlets to the compressors, discharged at pressures within the specification limits, and increased

production at the wells where they were installed.  Great Plains has also presented evidence that Anadarko used the five Compressors for over a year and then transferred them to a third party as part of a properties and equipment exchange.  This evidence raises a genuine issue of material fact regarding whether Anadarko's dissatisfaction was objectively reasonable.  As a result, the Court denies Anadarko's motion for partial summary judgment on this issue.

## III.  <u>CONCLUSION AND ORDER</u>

A "reasonableness" standard applies to the satisfaction clauses in the Contract at issue in this case.  The parties have presented evidence which raises a genuine issue of material fact regarding whether Anadarko's determination that the compressors were unsatisfactory was objectively reasonable.  Therefore, summary judgment is not appropriate, and it is hereby

**ORDERED** that Defendant's Motion for Leave to Respond to Anadarko's Reply [Doc. # 35] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 30] is **DENIED**.

The parties are reminded that mediation is required in this case, to be completed prior to the docket call on February 23, 2007.

SIGNED at Houston, Texas, this **8th** day of **November, 2006**.

Nancy F. Atlas
United States District Judge