IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANADARKO PETROLEUM CORP., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1949 |
| | § | |
| GREAT PLAINS GAS | § | |
| COMPRESSION INC., | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment [Doc. # 41] filed by Third-Party Defendant Dekker Vacuum Technologies, Inc. ("Dekker"), to which Defendant and Third-Party Plaintiff Great Plains Gas Compression Inc. ("Great Plains") filed a Response [Doc. # 45]. Dekker neither filed a Reply nor requested an extension of time to do so. Based on a careful review of the full record and the applicable legal authorities, the Court **denies** Dekker's Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth in the Court's Memorandum and Order [Doc. # 37] entered November 8, 2006. Briefly, Plaintiff Anadarko Petroleum Corporation ("Anadarko") entered into a contract ("Contract") to purchase from Great Plains twelve (12) Liquid Ring Compressors, which were to conform to certain

requirements and specifications. Great Plains delivered the first five Compressors. There exists a fact dispute regarding whether these five Compressors satisfied the requirements and specifications in the Contract. It is undisputed that Anadarko expressed dissatisfaction with the Compressors and refused to accept delivery of the remaining Compressors.

Anadarko filed this lawsuit against Great Plains, and Great Plains filed a counterclaim against Anadarko to recover the amount owed for the Compressors. Great Plains also filed a Third Party Complaint asserting breach of contract and breach of warranties against Dekker, the supplier of the liquid ring pumps used on the Compressors. Great Plains, while maintaining primarily that the Compressors conformed to all the requirements and specifications, alleges in the alternative that if the Compressors were not in conformance with the requirements of the Contract, it was because Dekker's liquid ring pumps failed to perform properly.

After discovery was complete and after Anadarko's Motion for Partial Summary Judgment was denied, Dekker filed this Motion for Summary Judgment. Dekker argues that the undisputed evidence establishes that Great Plains believes the Compressors, including the liquid ring pumps, were in compliance with the Contract and all warranties. The motion has been briefed and is ripe for decision.

**II.     ANALYSIS**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The court considers the evidence in the light most favorable to the nonmoving party.  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

Dekker argues that Great Plains' position that the Compressors were in compliance with the requirements and specifications precludes its claims against Dekker for breach of contract and breach of express and implied warranties.  While it is true that Great Plains argues that the Compressors conformed to the Contract requirements, there is evidence in the record that the Compressors failed to perform to Anadarko's specifications because the curves in Dekker's liquid ring pumps were inappropriate for use with natural gas wells.  Parties are free to make alternative arguments.  *See, e.g.,* FED. R. CIV. P. 8(a).  Additionally, inherent in a Rule 14(a) Third-Party complaint is the characteristic that the "defendant is attempting to transfer to the

third-party defendant the liability asserted against him by the original plaintiff." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F. Supp. 2d 242, 248 (S.D.N.Y. 2004). The third-party defendant's liability is "contingent on the outcome of the main case." *See id.* (citing *National Bank of Canada v. Artex Indus., Inc.*, 627 F. Supp. 610, 613 (S.D.N.Y. 1986)).

The evidence in the case raises a genuine issue of material fact regarding whether, if the Compressors failed to conform to the Contract's requirements, the failure was the result of Dekker supplying liquid ring pumps that were not as specified in the contract with Great Plains and were not as warranted by Dekker. As a result, summary judgment cannot be granted.

## III. <u>CONCLUSION AND ORDER</u>

Although Great Plains' primary position is that the Compressors complied with all requirements and specifications in the Contract, there is evidence in the record that any problem with the Compressors was the result of improper liquid ring pumps supplied by Dekker. Therefore, summary judgment in Dekker's favor on Great Plains' Third Party Complaint is not appropriate, and it is hereby

**ORDERED** that Dekker's Motion for Summary Judgment [Doc. # 41] is **DENIED**.

The parties are reminded that mediation is required in this case, to be completed prior to the docket call on February 23, 2007.

SIGNED at Houston, Texas, this **4th** day of **January, 2007**.

_____
Nancy F. Atlas
United States District Judge